UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-660-H

COMMONWEALTH OF KENTUCKY                                                    PLAINTIFF
COMMERCIAL MOBILE RADIO SERVICE
EMERGENCY TELECOMMUNICATIONS
BOARD

V.

TRACFONE WIRELESS, INC.                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Subsequent to this Court's Memorandum Opinion and its Order dated August 18, 2010, the parties have participated in various administrative proceedings before the CMRS Board. These proceedings have revealed several disputes concerning the statutory requirements of the 2006 Amendments. Both sides have filed separate briefs arguing their view of the statute and each has moved for summary judgment on all the remaining issues. The Court will attempt to resolve the statutory disputes now and allow time for briefing the remaining matters for later consideration.

I.

Plaintiffs dispute whether TracFone retains the right to select Option B from the statute after the Board has rejected TracFone's proposed Option C and designated Option A as the appropriate service charge collection methodology. The Court previously stated that the Board must respond to TracFone's request for Option C. The Board has now done so. The Court also suggested that TracFone might be bound by the Board's determination. Upon further consideration, and with the benefit of additional study and argument from counsel, the Court concludes that those comments were premature.

The 2006 Amendments provide two definitive methods of compliance, and a third less defined method. Option A envisions that a provider would somehow charge its customers and pass along the collections to the Board. Option B envisions merely collecting the fee which the provider would pay to the Board without any stated method of reimbursement.[1] These provisions are clearly drafted to provide these two options for an indirect seller such as TracFone. Here, TracFone requested the third option, and the CMRS Board, as it was entitled, rejected it.

Upon reflection, the Court is convinced that the 2006 Amendments allow the provider to select its option, even after the provider has selected and CMRS Board has specified a collection method under Option C. There are several reasons for this conclusion. The entire thrust of the statute allows the provider to elect its method of collecting or remitting the service fee. To be sure, the CMRS Board "may" determine a collection methodology under Option C. The language of Option C is permissive. It provides an alternative for collecting the service fee from customers. To allow the Board to dictate that method would be contrary to the statutory scheme. In view of this language, the Court finds that the most reasonable interpretation is that the provider retains all three elective options. Even after the Board promulgates regulations under Option C, three options should remain under the terms of the statute. The only consequence is that, at this stage of the proceedings, TracFone is entitled to select Option B from among the remaining options for payment of the service fee.[2]

---

[1] Option B does not prohibit a provider from receiving reimbursement, it simply does not describe a method for doing so.

[2] The change in the Court's view does not invalidate or call into question the CMRS Board's right to deny TracFone's request for an alternative collection method or its designation of Option A as the methodology under Option C.

II.

The next issue is whether the CMRS Board may require TracFone to remit the service fees retroactive to the enactment of the 2006 Amendments. The Court's prior opinion states that – even though TracFone disputed its obligation to collect the fees under the 1998 Act – once determined, the obligation to remit the fees was retroactive. As to the 2006 Amendments, the opinion states that TracFone had no obligation to remit any fees for its non-direct customers until the CMRS Board responded to TracFone's request for a collection methodology under Option C. However, the 2006 Amendments do clarify the requirement that indirect providers are liable or responsible for collecting or paying the service fee. Indisputably, TracFone was aware of its obligation to collect or remit the service fees, even if it was uncertain about the permitted method of collection. The CMRS Board consistently communicated its insistence that TracFone either collect or pay the fees that the statute required. TracFone itself admits that it kept in consistent contact with the Board to determine how it ought to pay. Even though the CMRS Board initially failed to follow the procedures which this Court has ultimately required, that failure is not sufficient reason to conclude that TracFone can escape that broad statutory mandate.

The Court has searched in vain for some specific guidance in Kentucky law on the statute. The only generally applicable rule seems to be that "[A]mendments that do not affect substantive rights, amendments often referred to as "remedial," "do not come within the rule prohibiting retroactive application." *Moore v. Stills*, 307 S.W.3d 71, 80-81 (Ky. 2010) (internal citations omitted). The Court does agree with the CMRS Board that none of its actions to date estop it from now requiring TracFone to remit the past payments that the statute required. This

rule is consisted with the CMRS Board requirement of compliance from the date the 2006 Amendments became effective.

### III.

Several issues remain. First, what precise amounts does TracFone owe under the Court's rulings? Second, whether the Board is entitled to interest on the amount of service fees owed. Third, whether the Board is entitled to attorney's fees. As such, the Court will allow Plaintiff time to file a motion on each question.

The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants owed service fees based upon the calculations under Option B, retroactive to the date that the 2006 Amendments became effective.

IT IS FURTHER ORDERED that on or before **July 18, 2011**, Plaintiff shall file a motion for a specific judgment, including separate requests for fees, interest and attorney's fees. Defendant shall respond by **August 6, 2011**; Plaintiff shall reply by **August 17, 2011.**

cc:  Counsel of Record