UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-660-H

COMMONWEALTH OF KENTUCKY                                                      PLAINTIFF
COMMERCIAL MOBILE RADIO SERVICE
EMERGENCY TELECOMMUNICATIONS
BOARD

V.

TRACFONE WIRELESS, INC.                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This action arose because the Commercial Mobile Radio Service Emergency Telecommunications Board (the "CMRS Board or the Board") and TracFone Wireless, Inc. ("TracFone") could not agree upon the applicability of various Kentucky statutes requiring mobile phone providers to collect monthly emergency 911 service fees from their customers on behalf of the Commonwealth of Kentucky. The case presented a number of particularly difficult questions of statutory interpretation. Over the course of two years, the parties advocated vigorously and skillfully for their views. Ultimately, in a series of memoranda, this Court determined the scope of TracFone's responsibilities under the various statutes.

After this Court's Memorandum Opinion and Order dated July 1, 2011, which resolved the last remaining substantive issues, the parties have filed memoranda addressing the specific judgment amounts, including interest and attorney's fees. The Court will now consider each of the remaining issues in turn.

I.

The CMRS Board has argued that it is entitled to damages in the amount of

$2,635,690.29 for unremitted service charges from November 2003 until July 12, 2006. TracFone argues that the amount owed should be calculated using Option B under the 2006 amendments. The primary difficulty with this argument is that the Option B methodology did not appear in the statute until 2006. To apply that method retroactively is without any basis in fact or law. The 2003 statute contained a collection and remittance methodology which applied to all mobile phone providers during that time including TracFone. Whether TracFone fares better or worse under this method is not at issue. Its liability should be assessed based on the statute which applied at the time. Using the proper statutory method, it is now apparent that the correct amount due is $2,562,651.30. The CMRS Board is also entitled to $139,848.95 for service charges on TracFone's direct sales which were unremitted between July 12, 2006, and September 14, 2009. TracFone does not dispute this claim.

Finally, the CMRS Board argued that it was entitled to damages in the amount of $2,294,626.48 for unremitted service charges owed from August 1, 2006, to the present. TracFone does not disagree with the fundamental method of calculation. At the conclusion of the briefing, it became apparent that the correct amount due is $2,001,653.03.

II.

The CMRS Board requests attorney's fees in the amount of $424,495.00, pursuant to KRS 65.7635(5) which authorizes the award of such fees to the prevailing party in an action.

The CMRS Board initiated this action because from November 2003 to the end of 2008 TracFone had failed or refused to remit certain 911 emergency service fees charges arguably due under various Kentucky statutes. For a variety of reasons, TracFone argued that the CMRS Board could not force it to remit those fees under the 1998 Act. Ultimately, the Court disagreed

and has required TracFone to remit the fees for that time period.

TracFone also disputed its obligation to remit fees under the 2006 Amendments to the 1998 Act. The Court agreed with TracFone on this point. This decision led to a further dispute concerning the method of determining the fees due and whether those fees could be assessed retroactively. The Court ultimately agreed with TracFone as to the method. However, TracFone still maintained that it should not be required to remit the fees retroactively. On this key point, the Court found for the Board and required retroactive payment.

Consequently, though the parties disputed many complex issues throughout the litigation and though each side prevailed on one issue or another; on the two most important issues as to TracFone's ultimate responsibility to remit fees, the Court held in the Board's favor. These favorable findings on two key issues require the Court to conclude that the CMRS Board is a prevailing party in this litigation under any reasonable analysis.

Whether to award attorney's fees to a prevailing party remains in the Court's discretion. However, these circumstances seem to exemplify those in which an award of fees is appropriate. Here, the case for attorney's fees does not arise due to some bad faith or egregious conduct by Defendant. Far from it. TracFone had some reasonable grounds for believing that its actions were appropriate and it had the means to defend itself. The CMRS Board could have let the entire matter slide or even settled for a nominal amount. Instead, the Board, at some risk and expense to itself, sought to enforce its view of the statute. The attorney's fee provision is designed to encourage precisely this choice. These circumstances present a reason to award reasonable fees, rather than to deny them.

The appropriate measure of a reasonable attorney's fees is the lodestar method. *Meyers*

*v. Chapman Printing Co.*, 840 S.W.2d 814, 826 (Ky. 1992). Here, counsel for the CMRS Board provided exceptional representation in every respect. The subject matter was complex; the stakes were high and the opposition was formidable. Considering the complexity of the case, the hours requested are quite reasonable. Considering the overall reasonableness of the hours and the care counsel has shown to avoid claiming time spent on matters not directly related to this litigation, the Court will not second-guess individual time entries. Finally, the hourly rates applied are, quite honestly, insultingly low given the quality and experience of counsel. For these reasons, the Court will approve the full amount of the CMRS Board's fee request.

III.

The CMRS Board has requested pre-judgment interest in the total amount of $1,613,790.56. The CMRS Board argues that it is entitled to pre-judgment interest at 8 percent per annum beginning with the date TracFone ceased remitting the CMRS service charge in November 2003 until the date of judgment. It says that the amount of interest due on the service charge is pursuant to the pre-2006 statutes is $1,233,809.60 and the amount of pre-judgment interest due pursuant to the post-2006 statutes is $347,431.24. The question presented here is whether the amounts due were liquidated, that is determined to be certain or fixed at the time owed. For several reasons, the Court concludes that the amounts owed are not subject to interest.

Proceeding in reverse order, the Court finds that no interest is due on the 2006 Amendment fees because the CMRS Board did not provide TracFone with the options for payment which the statute required. The proper collection methods and the amounts due were not determined until this final judgment. Consequently, interest on those amounts should not be

due until entry of judgment.

The question of interest on the pre-2006 fees presents a somewhat more difficult issue. Though the Court has absolutely determined that TracFone owes the 911 emergency fees dating back to 2003, the TracFone's obligations and precise method of calculating it has always been in doubt. As the Court's August 18, 2010, Memorandum Opinion aptly demonstrates, the question of TracFone's liability and the extent of it were not an easy question to resolve. The Court concludes that the pre-2006 amounts due were neither undisputed, known or liquidated. Consequently, the Court will deny pre-judgment interest.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED AND ADJUDGED that the CMRS Board is entitled to judgment against TracFone in the following amounts:

(1) $2,562,651.30 in unremitted service charges owed from the period of November 2003 until July 11, 2006;

(2) $2,001,653.03 in unremitted service charges owed for non-direct sales from the period of July 12, 2006 to June 30, 2011;

(3) $139,848.95 for unremitted service charges owed for direct sales from July 12, 2006, to September 14, 2009;

(4) $425,497 in reasonable attorney's fees and $9,489.08 in non-taxable costs pursuant to KRS 65.7635(5) as the prevailing party;

(5) $24,969.06 in taxable costs; and

IT IS FURTHER ORDERED that this Judgment shall bear interest at the applicable federal post-judgment interest rate under 28 U.S.C. §1961(a) from the date of entry.

This is a final and appealable Judgment.

cc: Counsel of Record