UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-660-H

COMMONWEALTH OF KENTUCKY
COMMERCIAL MOBILE RADIO SERVICE
EMERGENCY TELECOMMUNICATIONS BOARD                    PLAINTIFF

v.

TRACFONE WIRELESS, INC.                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

Defendant, Tracfone Wireless, Inc., has moved this Court to stay enforcement of a Sixth Circuit Court of Appeals mandate and judgment dated June 26, 2013. The amount of that judgment against Tracfone is approximately $5,000,000. The current judgment and mandate of the Sixth Circuit affirmed the judgment of this Court.

Tracfone argues that this Court should issue a stay because the Kentucky Supreme Court has granted certiorari in a case involving identical issues with a similarly-situated defendant. Should the Kentucky Supreme Court reverse the Kentucky Court of Appeals, Tracfone contends that it would be unfairly treated relative to similarly-situated Kentucky cellular providers. It maintains that this Court should intervene by stay so that all similarly-situated parties, such as Tracfone, will receive the same legal treatment whether in state or federal court. For the reasons that follow, this Court disagrees with Tracfone's assessment of the circumstances and will deny its request for stay.

First, in these circumstances, the Court doubts that it has the power to stay judgment of the Sixth Circuit. Indeed, several years ago, this Court considered this very question, concluding that "federal courts have consistently relied upon [28 U.S.C.] § 2101(f) for the rule that district courts lack jurisdiction to stay execution of an appellate court judgment." *Ventas v. HCP, Inc.*, 3:07-CV-

238-H, 2011 WL 3678819 (W.D. Ky. August 21, 2011) at *2; *see also Gander v. FMC Corp.*, 733 F.Supp. 1346, 1347 (E.D. Mo. 1990) ("The power of a district court to grant a stay of judgment pending appeal [under Federal Rule of Civil Procedure 62(d)] terminates when the Court of Appeals issues its mandate."). In essence, the circuit court mandate and judgment supercedes that of the district court. *See Ventas*, 2011 WL 3678819, at *1 ("Generally, once a court of appeals issues its mandate under Rule 41 of the Federal Rules of Appellate Procedure, all issues within the scope of the district court judgment are deemed incorporated within the mandate and are precluded from further review."). The Sixth Circuit has denied Tracfone's motion to stay. They should have the last word on this question.

Second, this Court and the Sixth Circuit have entered valid judgments based on their proper determination of state law at the time. That a state court may subsequently alter that state law, whether tomorrow or two years from now, does not change the inherent validity of the federal judgment of the issue at the time it was rendered. *See DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (stating that "*Erie* simply does not stand for the proposition that a plaintiff is entitled to reopen a federal court case that has been closed . . . in order to gain the benefit of a newly-announced decision of a state court . . . [but rather] federal courts sitting in diversity are bound to follow [then-current] state law on any matter of substantive law not governed by the Federal Constitution or by Acts of Congress"). Even if the Kentucky Supreme Court were to alter Kentucky state law on these issues years hence, both the state and federal judgments, though contradictory, would remain valid as to retrospective relief. Therefore, the Court finds it is inappropriate to stay a proper federal judgment due to speculation that a state court may disagree at some future time.

Finally, Tracfone litigated in this federal forum for over four years. Indeed, it removed this action to federal court. *See Brown v. Clark Equipment Co.*, 96 F.R.D. 166, 173 (D. Me. 1982)

(holding that a "mere change in decisional law does not constitute an extraordinary circumstances [to merit post-judgment relief, especially given that] [p]laintiffs elected to proceed in the federal forum, thereby voluntarily depriving themselves of the opportunity to attempt to persuade" the state high court to change the law in its favor).  Federal courts with the requisite jurisdiction decide issues of state law as best they can.  Throughout this ordeal, the state court litigation proceeded concurrently, but Tracfone never sought a stay until the Kentucky Supreme Court granted review, which is clearly Tracfone's last chance for success.  If Tracfone thought the case was better litigated first in state court, it should have sought stay long ago.  For these reasons, the Court concludes that any discretion of this Court to enter a stay early in this litigation would be inappropriate to exercise at this time.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for stay of judgment is DENIED.

cc:      Counsel of Record